**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FGF BRANDS, INC., <br> a Canadian corporation, <br><br>          Plaintiff, <br><br>     vs. <br><br> TWI FOODS INC., <br> a Canadian corporation, <br><br>          Defendant. | ) <br> ) <br> ) <br> ) Case No.: 17-cv-1783 <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff FGF Brands, Inc. ("FGF") brings this action against Defendant TWI Foods Inc. ("TWI") to stop TWI's infringement of FGF's proprietary patented naan bread baking oven and baking techniques, and hereby alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action arising under the laws of the United States, 35 U.S.C. § 1, *et seq.*, for patent infringement. FGF seeks damages and injunctive relief as provided in 35 U.S.C. §§ 281, 283–85.

### THE PARTIES

2. Plaintiff FGF is a corporation organized and existing under the laws of Ontario, Canada, having its principal place of business at 1295 Ormont Drive, Toronto, Ontario. FGF is in the bakery business and has developed a unique line of bakery products, including specialty flatbreads and muffins.

3. Defendant TWI is a corporation organized and existing under the laws of Ontario, Canada, having a principal place of business at 2600 Drew Road, Mississauga, Ontario L4T 3M5.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over FGF's claims of patent infringement pursuant to federal question jurisdiction, 28 U.S.C. §§ 1331 and 1338(a), and the patent laws of the United States, 35 U.S.C. § 271 *et seq*.

5. This Court has personal jurisdiction over TWI because TWI has committed acts of patent infringement in this judicial district, has systematic and continuous contacts in this judicial district, regularly transacts business within this judicial district, and regularly avails itself of the benefits of this judicial district. Therefore, TWI has established minimum contacts within the forum such that the exercise of jurisdiction over TWI would not offend traditional notions of fair play and substantial justice.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## THE PATENT-IN-SUIT

7. In 2004, FGF determined that there was a large market for a product commonly referred to as "naan," a flatbread traditionally made by hand over many centuries and baked in a small, high temperature oven known as a tandoor. FGF developed a recipe for its proposed naan product that could be used for naan baked on a commercial-scale. After considerable effort, FGF determined the necessary features for a commercial-scale tunnel oven that captures the benefits of traditional tandoor ovens while allowing the throughput required for commercial-scale production and mitigating the associated safety hazards.

8. To protect its intellectual property, FGF applied for and obtained patents directed to its naan bread oven and baking techniques, including, *inter alia*, U.S. Patent No. 9,044,023 (the "'023 Patent").

9. The '023 Patent, titled "System and Method for Preparing Naan Bread," was duly and legally issued by the United States Patent and Trademark Office on June 2, 2015. A true and correct copy of the '023 Patent is attached to this complaint as Exhibit 1. The '023 Patent is assigned to FGF, which owns all rights, title, and interest in the '023 Patent necessary to bring this suit for infringement.

## TWI'S PATENT INFRINGEMENT

10. In April of 2005, FGF entered into an agreement with Diamond Bakery Equipment Limited ("Diamond") for the design and manufacture of a high-temperature tunnel oven for the manufacture of naan bread.

11. By an agreement dated August 29, 2005, Diamond assigned to FGF all current and future intellectual property rights associated with the naan bread-baking oven.

12. In November of 2005, the first naan bread-baking system had been built by Diamond and installed at FGF. The product made with that system was immediately successful, leading to a need for increased production. In 2007, FGF ordered three additional ovens from Diamond. These three ovens were based on the same original concept as the first oven and therefore embody and practice the claimed process in the '023 Patent.

13. On November 15, 2007, FGF cancelled the order of the fourth oven and was prepared to pay expenses that Diamond allegedly incurred as a result. Diamond purported to cancel the order and informed FGF of its alleged expenses. Diamond, however, then proceeded to manufacture this fourth oven, presumably so Diamond could sell the oven to TWI.

14. To avoid a dispute with its vendor, FGF ultimately agreed to buy the fourth oven from Diamond rather than having it be improperly sold to a competitor. After the fourth oven was sold to FGF, however, Diamond proceeded to manufacture a fifth oven, which it sold to TWI without the knowledge or consent of FGF. Diamond also provided TWI with a baking system that is similar to FGF's baking systems.

15. On information and belief, this fifth oven (the "TWI Oven") is the same in all material respects to ovens two to four purchased by FGF, and is used by TWI in a baking process (the "TWI Process") that embodies and practices the process claimed in the '023 Patent.

16. Using the infringing TWI Process, TWI has made naan bread that it then sold in the United States, including in this district, under the name "Crispy by TWI Foods" and in packaging marked "stone baked," "just baked," and "traditional tandoori naan."

17. TWI ships its naan bread to numerous distributors throughout the United States, including in this judicial district. For example, on information and belief, TWI uses Pita Plus Inc. in Lincolnwood, Illinois as one of its distributors.

18. FGF intends to seek discovery to determine the full extent of TWI's past and continued infringement.

**WILLFULNESS OF TWI'S PATENT INFRINGEMENT**

19. TWI knew or should have known that the TWI Oven and Process it purchased were functionally the same in all material respects as the system Diamond had manufactured for FGF.

20. TWI knew or should have known that the material aspects of the TWI Oven and Process were developed by FGF. On information and belief, the reason TWI purchased the TWI Oven and from Diamond was because it functioned the same as FGF's ovens and systems.

4

21. The '023 Patent stems from an application filed under the International Patent Cooperation Treaty, PCT/CA2006/001612. This application was laid open for public inspection on April 3, 2008.

22. On June 23, 2011, the '023 Patent application was published.

23. On January 20, 2012, FGF commenced an action in the Canadian Federal Court against TWI for infringement of the related Canadian patent to the '023 Patent, Canadian Patent No. 2,650,928. This patent stems from the same PCT application as the '023 Patent.

24. As a result, by the time the '023 Patent issued in 2015, TWI knew or should have known that the TWI Process, including the TWI Oven, was patented and that its use would constitute infringement.

25. There was an objectively high likelihood of the TWI Process infringing the '023 Patent. In fact, the TWI Process, including the TWI Oven, came about as a direct result of the inventions disclosed and claimed in the '023 Patent.

26. Although TWI knew or should have known of this infringement risk, TWI continued to use the TWI Process to make and sell naan bread in an infringing manner.

27. TWI's infringement continues today despite TWI's awareness that its actions constitute infringement of the '023 Patent.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 9,044,023

28. FGF incorporates by reference the allegations in paragraphs 1 through 27 as if fully set forth herein.

29. Pursuant to 35 U.S.C. 271(g), TWI has infringed at least claim 1 of the '023 patent by selling naan bread made using the TWI Process into the United States, including into this district.

5

30. TWI uses the TWI Process to make naan bread.

31. The TWI Process includes preparing, dividing, and forming the naan bread dough into round balls.

32. The TWI Process includes flattening and stretching the round balls of dough into non-circular shaped loaves.

33. The TWI Process includes spray coating the loaves with oil.

34. On information and belief, the TWI Process includes loading the loaves onto a conveyor that carries the loaves through an oven environment of the baking chamber of the TWI Oven for a period of approximately 20 to approximately 50 seconds.

35. On information and belief, the TWI Oven used in the TWI Process has an oven housing with an exterior stainless steel layer, an interior carbon steel layer, and an intermediate insulating layer. As noted above, this allows the temperature of the exterior surface to be maintained below 100 °F.

36. On information and belief, the TWI Oven used in the TWI Process contains gas burners above and below the baking tiles for maintaining an oven environment of at least 700 °F.

37. On information and belief, the TWI Oven used in the TWI Process contains interior baking tiles on the conveyor that are made of stone.

38. The TWI Oven process bakes the loaves until they have a visibly bubble surface texture and a slightly scorched top surface.

39. As discussed in paragraphs 19 through 27, TWI's infringement of the '023 Patent has been and is willful.

40. FGF has suffered and continues to suffer damages due to TWI's infringement of the '023 Patent in an amount to be determined at trial.

6

41. TWI's infringement of the '023 Patent has damaged and will continue to damage FGF, causing irreparable harm for which there is no adequate remedy at law, unless and until TWI is enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, FGF prays for the following judgments and relief against TWI:

1. A judgment that TWI has infringed and is infringing the '023 Patent;

2. A judgment that TWI's infringement was willful;

3. A permanent injunction against TWI and its affiliates, subsidiaries, assigns, employees, agents, or anyone acting in privity or concert with TWI from infringing the '023 Patent;

4. An award of all damages adequate to compensate FGF for TWI's patent infringement, such damages to be determined by a jury, and if necessary an accounting to adequately compensate FGF for the infringement;

5. An award of pre-judgment and post-judgment interest at the maximum rate allowed by law;

6. A trebling of damages due to TWI's willful infringement;

7. An order finding that this is an exceptional case and awarding FGF its costs, expenses, disbursements, and reasonable attorneys' fees related to TWI's patent infringement under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

8. Such other further relief, in law or equity, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

FGF hereby demands a jury trial on any and all issues appropriately triable before a jury.

Dated:  March 6, 2017        By:   */s/*  Garret A. Leach _____

                 Garret A. Leach, P.C. (IL Bar No. 6237520)
                 garret.leach@kirkland.com
                 P. Daniel Bond (IL Bar No. 6295937)
                 daniel.bond@kirkland.com
                 G. William Foster (IL Bar No. 6309021)
                 billy.foster@kirkland.com

                 KIRKLAND & ELLIS LLP
                 300 North LaSalle
                 Chicago, IL  60654
                 Telephone:  (312) 862-2000
                 Facsimile:  (312) 862-2200

                 Dale Cendali, P.C. (*pro hac vice*)
                 dale.cendali@kirkland.com

                 KIRKLAND & ELLIS LLP
                 601 Lexington Avenue
                 New York, NY 10022
                 Telephone:  (212) 446-4800
                 Facsimile:  (212) 446-4900

                 *Counsel for Plaintiff FGF Brands, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2017, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

/s/ Garret A. Leach